No. 5001.

(Court of Appeal, Parish of Orleans.)

## CAESAR SALKIND vs. CONGREGATION BETH ISRAEL.

Chas. Louque for plaintiff and appellee.

J. D. Dresner for defendant and appellant.

ST. PAUL, J.—There was a judgment for plaintiff in the court a qua for the sum of $145, and defendant moved for a suspensive and devolutive appeal, which was granted. The appeal was made returnable on February 14th, and the bond fixed at the sum of $200, which was furnished the same day.

Thereafter but still within the time allowed for a suspensive appeal, defendant suggested the insufficiency of the bond and moved again for a suspensive and devolutive appeal which motion the Court allowed, the return day being fixed for February 21st, and bond fixed at $300, which was sufficient. This bond was furnished on the same day.

The transcript was lodged in this court on February 19th, and appellee moves to dismiss on the ground that the return day was February 14th, as fixed by the first order of appeal, and the transcript was not filed within three days thereafter.

Some explanation is offered in appellant's brief why the return day in the second order of appeal was different

from that fixed in the first. This, however, is immaterial; it being well settled that the appellant is not responsible for the fixing of the return day.

The only question is whether or not defendant, having been granted an appeal returnable February 14th, and having perfected the same by furnishing the bond, could thereafter pray for and be allowed a second appeal, which, if in time, would suspend the judgment.

The whole theory on which appellate Courts dismiss an appeal for failure to file the transcript in time, is the presumption that the appellant has voluntarily abandoned his appeal. Hence, it has been held that "the abandonment of an appeal, to debar a subsequent appeal, must be a voluntary abandonment."

**Hoover vs. York, 35 An. 574.**

Accordingly the dismissal of an appeal on motion of the appellee cannot be considered as an abandonment of the appeal so as to debar the right to a new appeal if taken in time.

**McGaw vs. O'Bierne, 18,081 Sup. Ct., Feb. 28, 1910; Dugas vs. Truxello, 15 An. 116.**

And if the appellant perceives that his appeal is liable to be dismissed for informality, he need not wait for such action to be taken, but may at once take a new appeal, which, if in time, will produce its effect. The intention to abandon the appeal must appear unequivocally.

**Suc. of Weber, 110 La. 675.**

In this case the intention to abandon the appeal is negatived by the fact, as said in **Hoover vs. York,** where it was also held that "an appeal should not be dismissed unless the right thereto has been clearly forfeited, and in case of doubt the appellant should have the benefit of it, and the appeal be maintained."

We are of opinion that the appeal herein should not be dismissed.

Motion denied.

March 21, 1910.

Rehearing refused May 16, 1910.

## On the Merits.

GODCHAUX, J.—Plaintiff alleges that he was employed by defendant as sexton and choirsinger for a term of one year, ending December 1, 1908, at a salary of $480, or $40 a month; claims that he was discharged without cause on September 1, 1908, and sues upon the contract for the unpaid balance of the year's salary, or $135.00, as well as upon a **quantum meruit** for services which he avers that he rendered defendant as teacher of its Sunday-school during the employment, the value of these services being fixed by him at $225, or at the rate of $25.00 a month. The defense as to the contract of employment as sexton and choirsinger is that defendant was not discharged, but abandoned his contract, and, moreover, that the salary was fixed at the rate of $15.00 a month, and that the term was for less than one year; while, as to the claim upon **quantum meruit** for services rendered as teacher, the defendant asserts that the Sunday-school was conducted by a separate organization, wholly distinct from defendant corporation, and that, if any liability to plaintiff for services as teacher exists, it rests, not upon defendant, but upon said organization to which said services were rendered.

The lower Court held that the contract of employment was for one year at $40.00 a month, and that plaintiff had been discharged as alleged, but rejected plaintiff's claim upon the **quantum meruit** for extra compensation

for services as teacher on the ground that this service was included within that which he should have rendered under the contract. Defendant alone appeals and plaintiff, not having answered the appeal, the claim upon the **quantum meruit** is consequently abandoned, and the inquiry here confined to determining what term, what services and what rate of salary were specified in the contract of employment, and whether this contract was breached by defendant discharging plaintiff or by plaintiff abandoning his employment.

The evidence in the record is confused and otherwise extremely unsatisfactory. For instance, defendant contends that the term of employment was to begin in December and to end the succeeding annual meeting of the corporation, which is testified to as usually occurring "in September or October." For aught the record shows it may not have occurred in 1908 until later than December 1st, the date fixed by plaintiff's evidence as the expiration of the contract; while the true fact might have easily been proved by the introduction of defendant's corporate records, which were physically in the courtroom at the time of the trial. So also, as tending to prove that the salary fixed was $40.00 a month, plaintiff, whose salary was always paid by written warrant upon the treasurer, testified to the fact that he received $20.00 from defendant for his services for the first half of December, while defendant's witnesses had no recollection upon the subject, and contented themselvs with stating that the vouchers or warrants, which were in defendant's possession, but not produced, would show the actual amount of this payment. Additional instances of this character abound in the case and might be cited where the record evidence of a convincing nature is not supplied to support the admittedly uncertain memory of defendant's witnesses, who testified over a year after the occurrence of the incidents which they attempted to nar-

— 405 —

rate in contradiction to the positive testimony of plaintiff and his witnesses upon the most material and essential facts in issue. It is unnecessary to recount these instances, and it will suffice to announce, in agreement with the written opinion supporting the judgment of the learned Judge a qua, that we find from our independent examination of the transcript that plaintiff's positive testimony, supported by that of a disinterested witness in the person of the accredited agent of defendant corporation through whom the contract of employment was confected, is amply sufficient to make out the cause of action alleged upon the contract and is not successfully rebutted or contradicted by the testimony adduced on defendant's behalf.

The judgment of the lower Court, while correct in decreeing plaintiff entitled to the balance due him on his yearly salary of $480, contains a clerical error in so far as it fixes this balance at $145, when in fact, as averred in plaintiff's petition, it amounts to $135.00; and, in this respect, an amendment is required.

It is accordingly ordered that the judgment appealed from be, and the same is hereby, amended by reducing the sum allowed from $145.00 to $135.00, and, as thus amended, and in all other respects it is affirmed, plaintiff and appellee to pay all costs of appeal.

May 2, 1910.

Rehearing refused May 16, 1910.